UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE JERNIGAN,

       Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Case No. 13-CV-10454

HON. MARK A. GOLDSMITH

**OPINION AND ORDER (1) ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED JANUARY 30, 2014 (Dkt. 19), (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 14), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 16), and (4) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 21)**

## I. INTRODUCTION

This is a social security case. Plaintiff Katherine Jernigan appeals from the final determination of the Commissioner of Social Security that she is not disabled and therefore not entitled to disability insurance benefits and supplemental security income. The matter was referred to Magistrate Judge Michael J. Hluchaniuk for all pretrial proceedings. The parties filed cross motions for summary judgment (Dkts. 14, 16). Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") (Dkt. 19), recommending that Plaintiff's motion be denied and that Defendant's motion be granted. Plaintiff has filed objections to the R&R (Dkt. 21), and Defendant has filed a response (Dkt. 22). The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons that follow, the Court will accept the recommendation in the R&R, deny Plaintiff's motion, grant Defendant's motion, and overrule Plaintiff's objections.

The factual and procedural background of this case, along with the standard of review and legal principles governing social security appeals, have been adequately set forth by the Magistrate Judge in his R&R and need not be repeated here.  Administrative Law Judge ("ALJ") Jessica Inouye denied Plaintiff's claim on finding that Plaintiff (i) was not disabled, (ii) had the residual functional capacity to perform a full range of work at all exertional levels, but with certain nonexertional limitations, and (iii) had the ability to perform jobs in the national economy.  Administrative Record ("A.R.") at 26-35 (Dkt. 11-2).  After reviewing the record and the motions for summary judgment, the Magistrate Judge determined that substantial evidence supported the ALJ's conclusion that Plaintiff is not disabled.  Notwithstanding Plaintiff's objections to the R&R, the Court agrees with the R&R for the reasons set forth below.

## II. ANALYSIS

Plaintiff advances two objections in support of her position that the decision of the ALJ is not supported by substantial evidence.  The Court addresses each of Plaintiff's objections in turn.

### A.  First Objection

Plaintiff's first objection argues that the R&R erred by concluding that the ALJ correctly formulated a residual functional capacity ("RFC") finding that "encompasse[d] all of Plaintiff's impairments."  Pl. Obj. at 2.  Plaintiff re-asserts an argument advanced in her motion for summary judgment that "the ALJ had a duty to include all of Plaintiff's limitations" in her RFC assessment.  Id. at 3.  Specifically, Plaintiff states that the ALJ failed to consider Plaintiff's "mental health symptoms," including anxiety, panic, suicidal ideation, and diagnoses of

"Borderline Personality Disorder and OCD." Id. at 3-4.[1] Upon de novo review, the Court rejects Plaintiff's argument.

Plaintiff's objection raises the issue whether the ALJ adequately formulated Plaintiff's RFC. Under the pertinent regulations, the ALJ must determine Plaintiff's RFC. 20 C.F.R. § 416.920(e). RFC "is defined as the most a claimant can still do despite the physical and mental limitations resulting from her impairments." Poe v. Comm'r of Soc. Sec., 342 F. App'x 149, 155 (6th Cir. 2009); see also Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 239 (6th Cir. 2002) (explaining that the RFC "is an assessment of what [a claimant] can and cannot do, not what she does and does not suffer from"). The ALJ must assess all of a claimant's limitations, not just those that are severe, in determining RFC. 20 C.F.R. § 416.945.

If an ALJ's RFC determination is supported by substantial evidence, courts will uphold the ALJ's decision. Collins v. Comm'r of Soc. Sec., 357 F. App'x. 663, 668-670 (6th Cir. 2009); see also McClanahan v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) (stating that if "there exists in the record substantial evidence to support a different conclusion," a district court may not reverse the ALJ's decision merely because it disagrees with the ALJ). Substantial evidence — more than a scintilla, but less than a preponderance — is enough evidence for a

---

[1] Puzzlingly, Plaintiff also maintains that the ALJ incorrectly classified "Plaintiff's jobs as 'light,'" and the Magistrate Judge misinterpreted the definition of "light" work, resulting in the denial of benefits. Pl. Obj. at 4. Plaintiff also refers to her "pain and joint dysfunction" not being taken into consideration with the RFC. Id. References to light work and "pain and joint dysfunction" do not appear in Plaintiff's testimony before the ALJ or the motion for summary judgment. Nevertheless, the Court rejects the argument. "It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge." Dietzel v. Comm'r of Soc. Sec., No. 11-13377, 2012 WL 3542493, at *3 (E.D. Mich. Aug. 16, 2012) (quotation marks omitted); see also Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (holding that habeas petitioner's failure to raise a claim before the magistrate judge constituted waiver). Because Plaintiff did not raise this argument before the Magistrate Judge in her motion for summary judgment, this argument is deemed waived. Even if it was not waived, however, the argument fails on the merits because of the lack of any evidence to support it.

reasonable mind to "accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). When reviewing an ALJ's factual findings for substantial evidence, a district court must consider the record as a whole. Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). An ALJ "can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006).

Here, the ALJ's RFC determination was supported by substantial evidence, and the R&R properly analyzed the RFC.[2] In her objection, Plaintiff references that she suffers from various "mental health symptoms," and suggests that these conditions were not incorporated by the ALJ in the RFC. This contention lacks merit because the ALJ made ample allowance in her RFC determination for Plaintiff's limitations. The RFC assessment includes limitations on working in close proximity to co-workers, contact with the public, stress, and supervision. A.R. at 30.

These limitations are also consistent with the RFC assessment performed by the state agency physician, Dr. Bruce G. Douglass. A.R. 279-280. The ALJ afforded "considerable weight" to Dr. Douglass's opinions due to his expertise "in the evaluation of disability claims under the Act" and because the opinion was "well supported by the objective medical evidence

---

[2] The ALJ formulated Plaintiff's RFC as allowing her

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant would require work which is non-production oriented, simple, routine, unskilled, with [a specific vocational preparation rating] of one or two. The claimant should not work in close proximity to coworkers (meaning that the claimant could not function as a member of a team), should have minimal direct contact with the public, the work is essentially isolated with occasional supervision. The claimant's work should be low stress (meaning that only occasional decision-making is required and only occasional changes in the work environment).

A.R. at 30.

of record." A.R. at 32. Such objective medical evidence includes September 2010 progress notes from Community Mental Health for Central Michigan, wherein Plaintiff reported a decrease in the severity of her mental health symptoms and that she was taking biology, physiology, medical coding, and advanced keyboarding classes at a community college. A.R. at 331.

Plaintiff does not reference this particular progress note or Dr. Douglass's RFC assessment. Instead, Plaintiff directs the Court to other objective medical evidence in the record. See Pl. Obj. at 3-4. In doing so, Plaintiff is essentially asking the Court to re-weigh the evidence in her favor regarding the RFC formulation. However, it is well-established that reversing an ALJ's decision is unwarranted "even if substantial evidence would support the opposite conclusion," so long as the ALJ's decision is supported by substantial evidence. Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

Accordingly, Plaintiff's first objection is overruled.

### B. Second Objection

Plaintiff's second objection argues that the ALJ's credibility determination concerning Plaintiff's complaints of her mental health symptoms and "debilitating pain" was not supported by substantial evidence. Pl. Obj. at 4-7. Plaintiff argues that the ALJ's "credibility determination" was erroneous because it did "not comply with 20 C.F.R. § 416.929(a) and [Social Security Ruling ("SSR")] 96-7p." Pl. Obj. at 5. Plaintiff maintains that the ALJ failed to find that she was credible despite objective medical evidence that supported her symptoms. Id. at 6. Plaintiff argues that the evidence relating to Plaintiff's daily activities was improperly relied upon by the ALJ because it overstates Plaintiff's capabilities. Id. at 6-7. The Court rejects these arguments.

5

One of the primary duties of the ALJ is to determine credibility issues because, in social security cases, courts do not make their own credibility determinations. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997) (stating that courts "may not . . . decide questions of credibility.") (quotation marks omitted). An ALJ may make her "own reasonable assessment of the record over the claimant's personal testimony" in making a credibility determination. White v. Comm'r of Soc. Sec., 572 F.3d 272, 287 (6th Cir. 2009). In reviewing the ALJ's credibility determination, courts evaluate "whether or not the ALJ's explanations" for credibility "are reasonable and supported by substantial evidence in the record." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003).

With respect to the intersection of credibility and complaints of pain or other symptoms, 20 C.F.R § 416.929(a) provides that the Social Security Administration will evaluate the extent that such symptoms "can reasonably be accepted as consistent with the objective medical evidence, and other evidence." Consideration of the evidence includes information about the claimant's prior work record, the claimant's statements about her symptoms, evidence submitted by the claimant's treating or nontreating sources, "and observations by our employees and other persons." Id. § 416.929(c)(3). SSR 96-7p, a policy statement of the Social Security Administration, provides guidance on interpreting section 416.929. It sets forth, in pertinent part, that "[w]hen evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." In other words, SSR 96-7p states that the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. Rogers, 486 F.3d at 248. When evaluating the credibility

6

of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements. Id.

The Sixth Circuit has synthesized the ALJ's duties, section 416.929, and SSR 96-7p as follows:

> Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of disabling pain. First, the ALJ will ask whether the there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. Relevant factors for the ALJ to consider in his evaluation of symptoms include the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, . . . and any other factors bearing on the limitations of the claimant to perform basic functions.

Id. at 247 (internal citations omitted).

Here, the ALJ followed the two-step procedure outlined above in her decision, explicitly citing to section 416.929 and SSR 96-7p. A.R. at 30-31. The ALJ determined that Plaintiff's complaints of depression and anxiety "could reasonably be expected to cause the alleged symptoms," including racing thoughts, panic attacks, and problems sleeping. Id. at 31. The ALJ next determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." Id. The ALJ proceeded to analyze the evidence in the record. In addition to finding that Plaintiff engaged in activities of daily living, such as maintaining her home without assistance and caring for her eight-year-old daughter, the ALJ found that Plaintiff also took some college classes. Plaintiff was also found to have a conservative treatment regimen and that she had not been in treatment or on medication in the

four months preceding her hearing before the ALJ. A.R. 32, 53-54. Furthermore, the ALJ gave "considerable weight" to the opinion of Dr. Douglass and his July 2010 Mental Residual Functional Capacity Assessment. Id. at 32. In his opinion, Dr. Douglas stated that Plaintiff was only "partially credible" in assessing Plaintiff's symptoms of depression and anxiety. A.R. at 287.

Notwithstanding Plaintiff's objection, the ALJ did not err in applying the procedures and analysis required by section 416.929 or SSR 96-7p. The ALJ properly examined whether Plaintiff's alleged disability could reasonably produce her symptoms. Then the ALJ found that Plaintiff lacked credibility, with ample citation to evidence. Not only did the ALJ assess Plaintiff's daily activities and treatment and medication regimens, the ALJ reviewed the relevant opinion evidence, including the assessment by Dr. Douglass, a state-agency psychological consultant. Thus, the ALJ's credibility determination was reasonable and supported by substantial evidence. Jones, 336 F.3d at 476.

Similarly, the Court finds that the ALJ did not improperly analyze Plaintiff's daily living activities. Plaintiff argues that, like the circumstance in Rogers, the ALJ improperly equated the ability to do activities of daily living with being able to do "work activities." Pl. Obj. at 6. However, Plaintiff misinterprets Rogers. In Rogers, the Sixth Circuit held that an ALJ improperly discredited the plaintiff's testimony regarding her daily activities. The ALJ had emphasized that the plaintiff was "'fairly active' by noting that she is still able to drive, clean her apartment, care for two dogs, do laundry, read, do stretching exercises, and watch the news." Rogers, 486 F.3d at 248. The Sixth Circuit found that the plaintiff did very little driving, engaged only in light housekeeping, cared for her dogs by opening the door to let them out, and fixed meals by making a sandwich or pouring cereal. Id. at 249. "The ALJ likewise failed to

note or comment upon the fact that [the plaintiff] receive[d] assistance for many everyday activities and even personal care from her children, who live[d] close by." Id.

Plaintiff's case is not analogous to Rogers. Here, the ALJ found that Plaintiff shopped, cared for daughter, maintained her own finances, was independent in her personal care, went to her daughter's school events, took classes at a community college, did college-level homework, and would go outside "often." A.R. at 32. This assessment tracks what Plaintiff stated she was capable of doing in a self-authored June 2010 function report. Id. at 175-182. The ALJ's assessment is also consistent with Plaintiff's testimony before the ALJ. Id. at 39-72. Unlike Rogers, the record in the instant case lacks evidence that the particular activities relied upon by the ALJ have been similarly limited.

Plaintiff attempts to show limitation in her activities by stating that she requires "accommodations." Pl. Obj. at 6-7. Plaintiff states that the Court should refer to her motion for summary judgment for the details of her mental difficulties. Id. However, in her objections, Plaintiff does not explain what specific accommodations she requires and Plaintiff does not specify for the Court how the ALJ or Magistrate Judge erred. Tellingly, Plaintiff does not direct the Court to any specific evidence in support of her claim that the ALJ made an erroneous finding. The objection is vague and the Court cannot discern the particular basis for Plaintiff's objection. Consequently, the objection fails on its face. Drew v. Tessmer, 36 F. App'x 561 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

9

To the extent that Plaintiff argues that she requires accommodations, the record discloses substantial evidence that such accommodations are not necessary. For instance, Plaintiff testified that she is passing her community college classes and prefers to sit in the back of the class. A.R. at 49. Plaintiff also stated that grocery shopping can cause her panic attacks because of the crowds of people, but that she also goes shopping early in the morning to avoid crowds. Id. at 56-57. It is true that Plaintiff testified that approximately once a week she must rely on her sister to look after her daughter. Id. at 67. But taking the record as a whole, including Plaintiffs' admission that she stopped having therapy and taking her medications, id. at 61, the Court concludes that substantial evidence supports the ALJ's decision to doubt the credibility of the severity of Plaintiff's complaints.[3]

Accordingly, the Court overrules Plaintiff's second objection.

### III. CONCLUSION

Accordingly, the Court overrules Plaintiff's objections (Dkt. 21), denies Plaintiff's motion for summary judgment (Dkt. 14), and grants Defendant's motion for summary judgment (Dkt. 16).

---

[3] Lastly, Plaintiff objects that her "daily living activities fall quite short of activities included in 20 C.F.R. § 416.929(a)." Pl. Obj. at 6. This argument, like Plaintiff's argument concerning the ALJ's classification of "light work," does not appear in Plaintiff's motion for summary judgment. See Pl. Mot. (Dkt. 14). Because Plaintiff did not make this argument before the Magistrate Judge in her motion for summary judgment, this argument is deemed waived. Murr, 200 F.3d at 902 n.1. Plaintiff's argument also fails on the merits because section 416.929(a) does not list particular activities. Instead, the section provides how the Social Security Administration will evaluate symptoms in light of the evidence in the record. See, e.g., Rouse v. Comm'r of Soc. Sec., 75 F. App'x 476, 478 (6th Cir. 2003) (stating that, in accord with section 416.929(a), a claimant "must provide medical evidence of the condition that causes the symptoms and evidence that the condition is one which could reasonably be expected to cause symptoms of disabling severity"). Therefore, Plaintiff's argument is misplaced.

SO ORDERED.

Dated: March 28, 2014            s/Mark A. Goldsmith
      Flint, Michigan            MARK A. GOLDSMITH
                                                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 28, 2014.

                                                    s/Deborah J. Goltz
                                                    DEBORAH J. GOLTZ
                                                    Case Manager